IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SMART LOCAL 265 WELFARE FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 20 C 4435 |
| MAJOR HEATING & COOLING, INC., an Illinois corporation, | ) ) ) | MAGISTRATE M. DAVID WEISMAN |
| Defendant. | ) ) | |

## AGREED ORDER OF DISMISSAL

The Parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction.   The Parties request the Court to retain jurisdiction to enforce the terms of their Settlement Agreement and Release under the authority of <u>Kokkonen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375, 381-82 (1994).

IT IS HEREBY ORDERED:

1.     The Parties shall comply with the signed Settlement Agreement and Release, dated January 6, 2022 and attached hereto.

2.     By the consent of the Parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and Release.

3.     This case is dismissed without prejudice with leave to reinstate on or before June 1, 2022 for the purpose of enforcing the Settlement Agreement and Release.   This Agreed Order of Dismissal is entered without prejudice in order to allow the Court to enforce the Settlement

Agreement and Release. The Parties are barred from re-litigating any claims raised in this litigation or any claims released by means of the Settlement Agreement and Release.

4. In the event a motion to reinstate or motion to enforce the settlement is not filed on or before June 1, 2022, the Court shall relinquish jurisdiction and the case shall be deemed dismissed with prejudice without further order of the Court. Each Party shall bear its own attorneys= fees and costs, except as otherwise specified in the Settlement Agreement and Release.

ENTERED:

_M. David Weisman_

_____
MAGISTRATE JUDGE M. DAVID WEISMAN

Dated: 1/28/22

We hereby agree to the entry of this Order:

PLAINTFIFS:

/s/    Cecilia M. Scanlon
_____

Cecilia M. Scanlon
Attorney for the Plaintiffs
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone: 312/216-2577
Facsimile: 312/236-0241
E-Mail: cscanlon@baumsigman.com

DEFENDANT:

/s/   Joseph P. Berglund
_____

Joseph P. Berglund
Attorney for Defendant
Law Offices of Joseph P. Berglund, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, IL    60523
Bar No.: 06202851
Telephone: 630/990-0234
Facsimile: 630/
E-Mail:   berglundmastny@aol.com

I:\265J\Major Heating & Cooling\agreed order of dismissal.FINAL 12-10-21 cms.kp.docx

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>5:00 p.m.</u>, this <u>26th</u> day of <u>January 2022</u>, she electronically filed the foregoing document (Agreed Order of Dismissal) with the Clerk of Court using the CM/ECF system, which will send notice to the following CM/ECF participant and/or via email to:

> Joseph P. Berglund
> Law Offices of Joseph P. Berglund, P.C.
> 1010 Jorie Boulevard, Suite 370
> Oak Brook, IL    60523
> berglundmastny@aol.com

/s/    Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\265J\Major Heating & Cooling\agreed order of dismissal.FINAL 12-10-21 cms.kp.docx

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release entered into this _____ day of November 2021, by and between the SMART LOCAL 265 WELFARE FUND, SMART LOCAL 265 PENSION FUND, SMART LOCAL 265 JOINT APPRENTICE TRAINING COMMITTEE, SHEET METAL WORKERS LOCAL 265 INDUSTRY FUND, SMART LOCAL 265 SUPPLEMENTAL RETIREMENT SAVINGS PLAN, SMART LOCAL 265 VACATION FUND, SMART LOCAL 265 LABOR MANAGEMENT COOPERATIVE COMMITTEE TRUST FUND, SMART LOCAL 265 and KEVIN J. SCHELL, as Administrative Manager/Authorized Agent of Plaintiff Funds, and their respective trustees and representatives (collectively "the FUNDS") and MAJOR HEATING & COOLING, INC. ("MAJOR"). The FUNDS and MAJOR are herein collectively referred to as "Parties."

WHEREAS, the FUNDS have asserted that MAJOR is a signatory employer and is therefore bound to report and contribute to the FUNDS on behalf of its employees who perform covered work and failed to submit contributions due on behalf of one of its employees during the months of June1 2018 through August 2018, and October 2018 through December 2018;

WHEREAS, the FUNDS commenced litigation in federal court, in the Northern District of Illinois, Eastern Division, Case No. 20C4435, now pending before the Honorable Martha M. Pacold and captioned *SMART Local 265 Welfare Fund, et al. v. Major Heating & Cooling, Inc.* ("Lawsuit");

WHEREAS, MAJOR disputes the FUNDS' claim that its owes fringe benefit contributions, dues, liquidated damages and interest, and further disputes it owes attorneys' fees and costs related to the collection of the amounts claimed in the lawsuit;

1

WHEREAS, the FUNDS and MAJOR desire to resolve all disputes between them concerning the FUNDS' claim for fringe benefit contributions, dues, liquidated damages, interest, and attorneys' fees and costs; and

WHEREAS, Each party is entering into this Agreement to avoid the delay and expense incurred in litigation. The Parties do not admit any allegations from the other Parties and this Settlement Agreement and Release establishes no liability or precedent as to any such allegations.

NOW, THEREFORE, for and in consideration of the sums to be paid hereunder, and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, and for the performance of the mutual covenants hereinafter to be performed, the FUNDS and MAJOR enter into this Settlement Agreement and Release ("Agreement") stipulating and contracting as follows:

1.    The foregoing recitals are hereby incorporated into and made a part of this Agreement as though fully set forth herein.

2.    In full settlement of all claims of the FUNDS against MAJOR relating to or arising from the obligations of MAJOR to pay contributions, dues, liquidated damages, interest and attorneys' fees and costs to the FUNDS through September 30, 2021, MAJOR agrees to pay, and the FUNDS agree to accept, the total sum of $15,000.00 ("Settlement Payment") to the FUNDS in five (5) monthly installment payments as follows:

| | |
|---|---|
| December 20, 2021 | $3,000.00 |
| January 20, 2022 | $3,000.00 |
| February 20, 2022 | $3,000.00 |
| March 20, 2022 | $3,000.00 |
| April 20, 2022 | $3,000.00 |

Said monthly payments shall be made payable to the "SMART Local 265 Welfare and Pension Funds" and shall be delivered to the FUNDS' attorney, Cecilia M. Scanlon, by personal delivery, courier, or regular or certified U.S. Mail at the following address:

> Cecilia M. Scanlon
> Baum Sigman Auerbach & Neuman, Ltd.
> 200 West Adams Street, Suite 2200
> Chicago, IL    60606-5231

3.      The Parties agree to file or submit an Agreed Order of Dismissal, through which the Lawsuit will be dismissed without prejudice, and the Court will retain jurisdiction solely for the purposes of enforcing the terms of this Agreement until June 1, 2022.  At that time, the Lawsuit will be dismissed with prejudice and without any further action of the Court in the event a timely motion to reinstate is not filed.

4.      In the event that MAJOR fails to make the Settlement Payments as set forth in Paragraph 2 when due, the FUNDS shall give MAJOR written notice of default and allow MAJOR a ten (10) day grace period from the date of service of written notice of default to cure the default. If MAJOR fails to cure the default by making the required payment after the ten (10) day grace period from the date of service of written notice of the default, the FUNDS may immediately move to reinstate the Lawsuit and vacate dismissal of their claims against MAJOR if any such dismissal has been entered.

5.      All notices or demands shall be in writing and served upon either party via regular or certified mail, courier, personal delivery or electronic mail to the following addresses or to such other address requested by either party in writing:

> a)      to the FUNDS:
>                 Cecilia M. Scanlon
>                 Baum Sigman Auerbach & Neuman, Ltd.

3

200 West Adams Street, Suite 2200
Chicago, IL    60606-5231
cscanlon@baumsigman.com

b)    to MAJOR:

Major Heating & Cooling, Inc.
3N250 Morningside Avenue
West Chicago, IL 60815

With a copy to:

Mr. Joseph Berglund
Law Offices of Joseph P. Berglund, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, IL    60523
berglundmastny@aol.com

Notice shall be deemed given effective on the third (3rd) business day if sent by regular U.S. Mail, on the date actually received if sent by certified mail, courier or personal delivery, and on the next business day if sent by electronic mail.

6.    In addition to the payments set forth in Paragraph 2, MAJOR further submits the Declaration and Indemnification Agreement ("Indemnification Agreement"), which is attached hereto as Exhibit A, as additional consideration.   MAJOR warrants that it has not employed any employees that performed work that is covered under Major's collective bargaining agreement with SMART Local 265 ("Covered Work") from July 2019 through September 2021 and further promises to indemnify the FUNDS if an individual (or anyone on his/her behalf) comes forward and asserts a claim for benefits or credit for service based on Covered Work performed by the individual on behalf of MAJOR during the time period July 2019 through September 2021. Written notice of such claim shall be provided to MAJOR as set forth in Paragraph 5(b) above within 14 days of receipt of such claim as set forth in the Indemnification Agreement.

4

7.      In exchange for the good and valuable consideration, including the consideration set forth in this Agreement, and effective upon the FUNDS' full and final receipt of the Settlement Payment referred in Paragraph 2, the Plaintiffs, FUNDS, and their business managers, attorneys, administrators, predecessors and successors, agents, trustees, affiliates, officers, principals, representatives and assigns, hereby fully and forever release and discharge MAJOR, and itssuccessors and assigns, predecessors, sureties, agents, employees, parent companies, subsidiaries, affiliates, officers, directors, shareholders, principals and representatives from any and all actual or potential claims, demands, actions, requests for sanctions, attorneys' fees, and causes of action, torts, obligations, grievances, and any and all other liabilities, known or unknown, that the Plaintiffs and FUNDS may have or later claim to have against MAJOR, arising in connection with the amounts claimed in the Lawsuit, and anyobligation of MAJOR to pay contributions, dues, liquidated damages, interest, attorneys' fees and costs to the Plaintiffs and FUNDS at issue in the underlying litigation, through September 30, 2021.  The Parties further agree that said release shall not void or nullify MAJOR's promise to indemnify the FUNDS if a claim is made for benefits or credit for service based on Covered Work performed by an employee for MAJOR during the time period July 2019 through September 2021.

8.      The Parties agree that this Settlement Agreement and Release has been entered into voluntarily and that each party has had the benefit of legal counsel for purposes of drafting, document review, and negotiating the terms of this Settlement Agreement and Release.  The Parties further agree that this Settlement Agreement and Release incorporates all of the terms and understandings agreed to and arrived at between the Parties.  This Agreement has been prepared by the combined efforts of all the Parties and no term or provision of this Agreement shall be

5

construed against any Party as the drafter of any such term or provision in the event a dispute arises regarding the interpretation or enforcement of this Agreement.

9. Nothing in this Settlement Agreement and Release shall be construed or implied as an admission of liability on behalf of MAJOR, or its officers, agents or employees.

10. Each Party shall bear its own attorneys' fees, court costs, auditor fees, and any other fee or expense incurred in connection with the Lawsuit.

11. In the event that any paragraph,, subparagraph or provision of this Agreement shall he determined to be contrary to governing law or otherwise unenforceable, all remaining portions of this Agreement shall be enforced to the maximum extent permitted by law; the unenforceable paragraph, subparagraph or provision shall first be construed or interpreted, if possible, to render it enforceable, and if that is not possible, then the provision shall be severed and disregarded and the remainder of this Agreement shall he enforced to the maximum extent permitted by law.

12. This Agreement embodies the entire agreement of the Parties respecting its subject matter. There are no promises, terms, conditions or obligations other than those it contains. This instrument supersedes all previous communications, representations, or agreements, either verbal or written, between the Parties. All Parties acknowledge that no representation of fact or opinion relating to the extent, nature, or permanency of injuries or damages, or as to the likelihood of future complications or recovery, was made by any other Party or anyone on any other Party's behalf to induce any Party to execute this Agreement

13. The Parties agree and warrant that the individuals signing this Agreement have the capacity and authority to do so and have secured all necessary approval to execute this Settlement Agreement and Release and bind the Parties to its terms.

6

14.    This Settlement Agreement and Release may be signed in multiple counterparts, each of which shall be deemed an original.   Any executed counterpart returned via facsimile or in PDF format shall be deemed to be an original executed counterpart.

IN WITNESS WHEREOF, the Parties have signed this Settlement Agreement and Release as of the date(s) indicated and written below.

**SMART LOCAL 265 WELFARE FUND**
**SMART LOCAL 265 PENSION FUND**
**SMART LOCAL 265 JOINT APPRENTICE TRAINING COMMITTEE**
**SHEET METAL WORKERS LOCAL 265 INDUSTRY FUND**
**SMART LOCAL 265 SUPPLEMENTAL RETIREMENT SAVINGS PLAN**
**SMART LOCAL 265 VACATION FUND**
**SMART LOCAL 265 LABOR MANAGEMENT COOPERATIVE COMMITTEE TRUST FUND**
**SMART LOCAL 265**
**KEVIN J. SCHELL, as Administrative Manager/Authorized Agent of Plaintiff Funds**

By: _____                        •        1-24-22
Katie Eby                                                                        Date
Representative for the Plaintiffs


**MAJOR HEATING & COOLING, INC.**

By: _____                                 1/6/2022
Karl Beiermeister, as President of                                       Date
Major Heating & Cooling, Inc.

7

## DECLARATION AND AGREEMENT OF INDEMNIFICATION

I, Karl Beiermiester, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I am the President of MAJOR HEATING & COOLING, INC. ("Major"). I have personal knowledge of the statements made in this Declaration and Agreement of Indemnification ("Indemnification") and I am duly authorized to enter into this Indemnification on behalf of Major.

2. The SMART LOCAL 265 WELFARE FUND, SMART LOCAL 265 PENSION FUND, SMART LOCAL 265 JOINT APPRENTICE TRAINING COMMITTEE, SHEET METAL WORKERS LOCAL 265 INDUSTRY FUND, SMART LOCAL 265 SUPPLEMENTAL RETIREMENT SAVINGS PLAN, SMART LOCAL 265 VACATION FUND, SMART LOCAL 265 LABOR MANAGEMENT COOPERATIVE COMMITTEE TRUST FUND, SMART LOCAL 265 and KEVIN J. SCHELL, as Administrative Manager/Authorized Agent of Plaintiff Funds, and their respective trustees and representatives (collectively the "Plaintiffs") have filed a lawsuit in the Northern District of Illinois, Eastern Division, Case No. 20C4435, and alleged therein that MAJOR is a signatory employer and is therefore bound to report and contribute to the Plaintiffs on behalf of its employees who perform covered work and that Major failed to submit contributions and dues on behalf of one of its employees during the months of June 2018 through August 2018, and October 2018 through December 2018. The Plaintiffs are also performing an audit of Major's records to verify that Major has paid contributions and dues required of Major under its collective bargaining agreement with SMART Local 265.

3. MAJOR warrants that it has not employed any employees that performed work under Major's collective bargaining agreement with SMART Local 265 ("Covered Work") from

1

July 2019 through September 2021.

4.     As consideration for the Plaintiffs' acceptance of the representations made above in Paragraph 3 and for other good and valuable consideration, Major agrees to and promises to indemnify the Plaintiffs if an individual (or anyone on his/her behalf) comes forward and asserts a claim for benefits or credit for service based on Covered Work performed by the individual on behalf of MAJOR during the time period from July 2019 through September 2021. Major hereby agrees to indemnify and hold the Plaintiffs harmless and, if declared liable by a court of competent jurisdiction, shall be liable for any benefit contributions, benefits owed, dues, and or wages owed, or any other injuries caused by the failure of Major to submit benefit contributions, dues and/or wages on behalf of employee(s) or any individual(s) who performed Covered Work for Major in the event that any claim is asserted for benefits, dues and/or wages by virtue of any Covered Work performed from July 2019 through September 2021 for Major.

5.     Plaintiffs shall provide written notice to Major at 3N250 Morningside Ave., West Chicago, IL 60815 and to its attorney, Joseph P. Berglund, at 1010 Jorie Blvd., Suite 370, Oak Brook, IL 60523 (or such other address designated in writing), within fourteen (14) days of receiving any claim that is covered under this Indemnification in order to allow Major to defend the Plaintiffs against any such claims.

6.     In the event of any claim that is made under this Indemnification, the Plaintiffs, on the one hand, and Major, on the other hand, shall cooperate with each other and shall also provide information upon request that will assist in defending against any such claim.

7.     This Indemnification may be executed by Major and delivered to counsel for the Plaintiffs via (i) e-mail, or (ii) facsimile transmission. Major represents and warrants to the

2

Plaintiffs that a scanned, photocopied, emailed or faxed signature is the true and authentic signature of Major's representative that signs this Indemnification. For purposes of executing and enforcing this Indemnification, a document signed and transmitted by e-mail or facsimile shall be deemed an original document, and the signature of any company representative thereon shall be deemed an original signature. The transmitted document shall be considered to have the same binding effect as an original signature on an original document. Major agrees that it shall not raise the use of signature or consent by e-mail or facsimile machine or the fact that any signature or consent was transmitted through the use of e-mail or a facsimile machine as a defense to the enforcement of this Indemnification .

MAJOR HEATING & COOLING, INC.

By: _____      •
Karl Beiermiester, President

Date _____

3